STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of David Siegel       }
                                    }
                                    }   Docket No. 258-11-00 Vtec
                                    }
                                    }

Order on Motion to Dismiss as Moot

Appellant appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Duxbury upholding the enforcement action taken by the Zoning Administrator in a letter dated July 24, 2000. Appellant represents himself; Appellees Patricia DiRuocco and Jean Ruth Connolly are represented by Richard Darby, Esq. and Marc A. Weissman; the Town of Duxbury is represented by Steven A. Reynes, Esq.

The Court issued a decision and order on a portion of the merits of this matter on November 9, 2001, concluding that the zoning setback of 70 feet, measured from the center of the traveled way, did not apply to the location of Appellees= garage, as it was built adjacent to a segment of Town Highway No. 30 that was classified as a legal trail. In the course of its several decisions in this matter, the Court found that the right-of-way for Town Highway No. 30 was three rods (492 feet) in width. It appears from the surveyors= testimony in the first part of the case that the garage is located in part within the right-of-way.

The Court ruled that the May 1995 permit for the garage became final without appeal and could not be challenged in this appeal of the Zoning Administrator= s enforcement letter. The May 1995 permit for the garage contained a sketch and a statement that all setbacks are met. The parties and the Court agreed to first hold a hearing on whether any zoning setbacks are applicable, and to reserve for a later hearing issues relating to whether the garage was constructed in the location shown on the plot plan sketch approved by the Zoning Administrator. As no zoning setbacks are applicable, the Court need not reach issues relating to whether the garage was constructed in the location approved by the permit stating > all setbacks are met.=

In the November 9, 2001 decision, the Court noted that,

even if no setback must be met, the right-of-way of the trail remains three rods wide. Today= s ruling regarding the Zoning Ordinance does not resolve any dispute regarding the property rights of the parties, including those of the Town, to the use of the right-of-way of the trail, or whether Appellees= garage improperly encroaches on that right-of-way. Such a dispute may be within the jurisdiction of the Superior Court, but is beyond the jurisdiction of Environmental Court.

All the questions raised in the statement of questions have been addressed by the existing orders in this case. Appellant appears to believe that this Court can also address issues as to whether the garage encroaches in the town highway right-of-way. However, those issues are not the subject

of the zoning ordinance and therefore do not come within the zoning enforcement powers of the zoning administrator. If construction of the garage within the town highway right-of-way infringes upon the Town= s rights to use that right-of-way, the public= s rights to use that right-of-way, Appellant= s rights to use that right-of-way, or the rights to use that right-of-way of purchasers of lots in Appellant= s subdivision, such rights are property rights not regulated by zoning and therefore within the jurisdiction of Superior Court and not this Court.

Accordingly, the motion to dismiss the remainder of the appeal as moot is GRANTED. However, this dismissal is without prejudice to Appellant= s pursuing the question of construction within the right-of-way in any appropriate forum.

Done at Barre, Vermont, this 10th day of December, 2001.


_____
Merideth Wright
Environmental Judge